UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 11-10252-NMG** |
| | ) | |
| **1.     WEI XING CHEN** | ) | |
| **a/k/a "Ah-Hung," a/k/a "Lo Biu,"** | ) | |
| **a/k/a "Lo Gai,"** | ) | |
| | ) | |
| **Defendant.** | ) | |

**JOINT STATUS REPORT**

Pursuant to Local Rule 116.5(A), the United States of America and the defendant submit this joint status report in advance of the Initial Status Conference scheduled for September 21, 2011, at 11:45 a.m.

1. Local Rule 116.3 Timing Requirements

The parties are not requesting relief from the timing requirements of Local Rule 116.3.

2. Expert Discovery

The government anticipates that, unless there is a stipulation regarding the drugs seized in this case, it will offer expert testimony regarding the composition and amount of the drug exhibits in this case. The government may offer expert witness testimony regarding the operation of drug conspiracies and brothels as well. In the event the government offers expert testimony, it will afford defendant timely notice of same, not less than 21 days before trial.

3. Additional Discovery

The government has produced initial automatic discovery to the defendant and has made the Title III recordings available to counsel. The government will supplement the initial discovery with materials as they are received by the government, including discovery regarding

the related cases of <u>United States v. Minh Cam Luong, et al.</u>, Cr. No. 11-10251-PBS, and <u>United States v. John Willis, et al.</u>, Cr. No. 11-10212-JLT.  The defendants reserves the right to file for additional discovery in response to the government's productions.

4. <u>Motion Date</u>

Defense counsel requests additional time to review the discovery produced by the government prior to determining whether to file any dispositive motions.  Accordingly, the parties request interim status conference dates, prior to the Final Status Conference, at which point a motion date may be set.  The parties jointly request that the time from the Initial Status Conference and the interim status conference be excluded from Speedy Trial Act calculations.  Exclusion of this time will allow the parties to review voluminous discovery and to explore disposition of this case short of trial and is in the interests of justice.

5. <u>Speedy Trial Act Calculations</u>

The parties have conferred on the periods excludable from all Speedy Trial Act calculations.  On July 8, 2011, the Court entered an Order of Excludable Delay, excluding the time from the date of the defendant's initial appearance, July 1, 2011, through September 21, 2011.  Accordingly, zero days have been counted and 70 days remain under the Speedy Trial Act.

6. <u>Anticipated Trial</u>

The parties believe that it is too early to determine whether a trial in this matter will be required.  The United States estimates that, as the case is currently constituted, a trial would last approximately two to three weeks.

7. <u>Interim Status Conference</u>

The parties request that an interim status conference be scheduled on a date convenient

for the Court.

Respectfully submitted,

WEI XING CHEN                                    CARMEN M. ORTIZ
                                                 UNITED STATES ATTORNEY
By: <u>Derege B. Demissie</u>
Derege B. Demissie                               By: <u>Timothy E. Moran</u>
Demissie & Church                                Timothy E. Moran
Counsel for Wei Xing Chen                        Richard L. Hoffman
                                                 Assistant United States Attorneys

Dated: September 21, 2011

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent
electronically to the registered participants as identified on the Notice of Electronic Filing
(NEF).

/s/ Timothy E. Moran
Timothy E. Moran